UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


RICA M. LEE, et al.,                     )        CASE NO. 4:07CV18
                                         )
                 Plaintiff,              )        MAGISTRATE JUDGE
                                         )        GEORGE J. LIMBERT
        v.                               )
                                         )
K&P BROTHERS INC., DBA                   )
K&P FAMILY SPORTSWEAR, et al.,           )        MEMORANDUM OPINION AND ORDER
                                         )
                 Defendant.              )


        On March 13, 2008, the Court decided motions for summary judgment filed by Defendant

K&P Brothers, Inc., doing business as K&P Family Sportswear ("Defendant") and Rica M. Lee,

("Plaintiff Lee"), individually and as mother, natural guardian and next friend of R.O.W. ("Plaintiff

ROW") and R.R.M, ("Plaintiff RRM"), minors, Paula S. Dennard ("Plaintiff Dennard") and Carol

L. Lucious ("Plaintiff Lucious") (collectively "Plaintiffs").  ECF Dkt. #s 40, 44.  As part of the

Ruling, the undersigned required Plaintiffs to file a brief by March 19, 2008 establishing the

elements of standing for their claim of negligence per se based upon Ohio's unlawful restraint

statute, Ohio Revised Code § 2905.03.  ECF Dkt. #55.  Defendant was ordered to file a responsive

brief, if necessary, on or before March 24, 2008.

        On March 19, 2008, Plaintiffs filed their brief on standing for the unlawful restraint claim

and on March 24, 2008, Defendant filed its reply brief.  ECF Dkt. #s 58, 60.  For the following

reasons, the Court finds that Plaintiffs have established standing for only part of their unlawful

1

restraint claim against Defendant; however, the portion of the claim for which Plaintiffs have standing is duplicative of their false imprisonment claim and must therefore be dismissed.

As pointed out by Plaintiffs, the Ohio Supreme Court held in *Sikora v. Wenzel*, 88 Ohio St.3d 493, 496, 727 N.E.2d 1277 (2000) that:

> But where a statute sets forth " 'a positive and definite standard of care * * * whereby a jury may determine whether there has been a violation thereof by finding a single issue of fact,' " a violation of that statute constitutes negligence *per se. Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198, 201, quoting *Eisenhuth v. Moneyhon, supra*, 161 Ohio St. at 374-375, 53 O.O. at 278, 119 N.E.2d at 444. In situations where a statutory violation constitutes negligence *per se,* the plaintiff will be considered to have "conclusively established that the defendant breached the duty that he or she owed to the plaintiff." *Chambers, id.*

Plaintiffs cite to Ohio Revised Code § 2905.03[1] and its 1973 commentary in order to establish that they can bring a negligence per se claim.  Ohio Revised Code § 2905.03 provides in relevant part that:

> (A) No person, without privilege to do so, shall knowingly restrain another of his liberty.
>
> (C) Whoever violates this section is guilty of unlawful restraint, a misdemeanor of the third degree.

Plaintiffs also cite to the 1973 commentary to Ohio Revised Code § 2905.03, which states that the statute "provides criminal sanctions against conduct which would ordinarily amount to grounds for

---

[1]  This statute was amended on January 1, 2008 as follows:
> A) No person, without privilege to do so, shall knowingly restrain another of the other person's liberty.
> (B) No person, without privilege to do so and with a sexual motivation, shall knowingly restrain another of the other person's liberty.
> (C) Whoever violates this section is guilty of unlawful restraint, a misdemeanor of the third degree.
> (D) As used in this section, "sexual motivation" has the same meaning as in section 2971.01 of the Revised Code.

2007 S 10 (1-1-08).

2

a civil action for false arrest or imprisonment."  Ohio Rev. Code. § 2905.03, 1973 Commentary.

"Courts do consider legislative intent in determining whether a negligence *per se* claim exists."  *Thornton v. State Farm Mut. Auto Ins. Co., Inc*., No. 1:06CV00018, 2006 WL 3359448 (6th Cir. Nov. 17, 2006), citing *Sikora*, 727 N.E.2d at 1280-1281.  In looking at legislative intent, the Ohio Supreme Court has held that "[t]he proper inquiry regarding legislative intent is whether the statute is 'designed to protect the class of persons in which the plaintiff is included, against the risk of the type of harm which has in fact occurred as a result of the violation ....'" *Reynolds v. Ohio,* 471 N.E.2d 776, 779, n. 5 (1984) (quoting Prosser, Law of Torts (4 Ed.1971) 200-201, Section 36).

In the instant case, Plaintiffs have not shown that Ohio Revised Code § 2905.03 was designed to protect against two of the three types of harm that they allege occurred due to a violation of the statute.  Plaintiffs allege that their unlawful restraint by Defendant resulted in:  (1) subjecting them to Jane Doe 1, who caused physical injury; (2) deprivation of liberty; and (3) emotional upset and other damages.

The first harm Plaintiffs allege is beyond that which the Ohio legislature intended to protect again.  Ohio Revised Code § 2905.03 mentions nothing about the protection of an individual from a third-party's infliction of injury.  Protection from the infliction of injury by a third-party is not the type of harm that is within the purview of the legislative intent of Ohio Revised Code § 2905.03.  Therefore, Plaintiffs' claim as it relates to the injury inflicted by a third-party must be dismissed.

As to the second and third types of harm alleged by Plaintiffs, that is, the deprivation of their liberty and resulting emotional upset and other damages, Ohio Revised Code § 2905.03 does protect against the risk of these types of harm as evidenced by the 1973 commentary.  However, Plaintiffs present this same claim and associated harm under their false imprisonment claim in Count II of

3

their amended complaint. *Id.* at 5.  To allow the unlawful restraint claim to go forward with the false imprisonment claim would be duplicative and would confuse the jury.

For the above reasons, the Court finds that Plaintiffs cannot proceed with their claim of negligence per se based upon Ohio Revised Code § 2905.03.  The Court therefore DISMISSES WITH PREJUDICE Plaintiffs' negligence per se claim in Count III of their amended complaint.  ECF Dkt. #29 at 6.

IT IS SO ORDERED.


Dated: March 27, 2008                              */s/George J. Limbert*
                                                   GEORGE J. LIMBERT
                                                   U.S. MAGISTRATE JUDGE

4